In the matter of ROOT, an habitual drunkard.

In proceedings to obtain a commission, and for the appointment of the committee of the person and estate of a lunatic, or an habitual drunkard, the court is not authorized to allow to the solicitor of the petitioner any thing beyond the ordinary taxable costs and taxable disbursements.

And to entitle the solicitor for an order directing the committee, to pay him for his taxable costs, a sum beyond the fifty dollars allowed by the 162d rule of the court, there must be an affidavit stating the special circumstances which render an increased allowance necessary.

Where a specific allowance for the services of a solicitor is prescribed in the fee bill, the court has no authority to allow him any greater sum for the performance of such services.

The travelling expenses of the solicitor are in no case properly taxable as disbursements.

A counsel fee is not taxable, on the execution of a commission of lunacy or a commission to inquire as to habitual drunkenness. Nor is a retaining fee for counsel allowed in such proceedings.

The solicitor cannot be allowed, on taxation, charges for drawing, engrossing and copying the jurat to a petition.

The solicitor on a commission of lunacy, or of habitual drunkenness, is not entitled to charge for a copy of the commission to keep; nor for drawing and engrossing the return to the commission, or the panel of jurors, or the sheriff's return to the precept to summon the jury; nor for engrossing the precept, or for a copy of the same to keep. But he is entitled to an allowance, by the folio, for the draft of the precept, and for one fair copy thereof to be signed by the commissioners.

The solicitor, upon the execution of a commission of lunacy, is not entitled to charge for drawing oaths, to be administered to the jury, and to witness, or for instructions to the commissioners how they are to discharge their duties; nor for a copy of the inquisition, in addition to the draft and engrossment thereof.

Fair copies of pleadings and proceedings in a cause, to be retained by the solicitor in addition to the drafts, are only allowable on taxation in those cases in which such copies will probably become necessary, or may be wanted for future use; as in the case of pleadings, petitions, &c. And when such copies are actually made and preserved by the solicitor, for future use in the progress of the cause.

A notice to be served cannot be taxed by the folio; as a specific allowance for every such notice is made by the fee bill.

The counsel fee upon an ex parte motion is only one dollar and fifty cents. And the larger counsel fee of two dollars and fifty cents, is only allowed upon motions which are actually argued, and when such argument is opposed by an adverse party.

The taxing officer is only entitled to a fee of one dollar for taxing the costs upon a commission of lunacy, or other special proceeding. The larger sum of one dollar and fifty cents is only allowed upon the taxation of costs after a final decree in a cause.

The master who approves the sureties in a bond, is only entitled to the specific allowance of one dollar, fixed by the fee bill; and he cannot be allowed an additional charge for swearing the sureties who are required to justify.

The jurors upon the execution of a commission of lunacy are entitled to twelve and an half cents each.

February 16.

THIS was an application by the solicitor for the overseers of the poor, upon whose application a commission in the case of an habitual drunkard had been issued, for the payment of the costs of the proceedings, which had been taxed at a sum exceeding the amount of $50, specified in the 162d rule of the court. In addition to the costs as taxed, the solicitor claimed an allowance of ten dollars, as a coun-

sel fee upon the execution of the commission and the expense of a horse and wagon to take him to the place where the commission was to be executed.

*K. Miller*, for the petitioners.

THE CHANCELLOR. Upon an application to the court for an order that the committee of a lunatic or a drunkard pay a sum exceeding the amount limited by the rule for the expense of obtaining the commission and of the other proceedings to obtain the appointment of a committee, there should be an affidavit showing the necessity of an increased allowance, if there is any thing special in the case. For in ordinary cases the legal taxable costs of such a proceeding will not exceed the $50, which by the rule the committee is authorized to pay without a special order.

Costs and expenses, in the rule, was not intended to included any thing beyond taxable costs and taxable disbursements. For where the fee bill has prescribed a fixed allowance for certain services, the court has no authority to direct a greater allowance to be paid to the solicitor for such services than the amount thus prescribed by the legislature in the fee bill. Where a commission of lunacy is issued, it is the duty of the solicitor for the petitioner to name commissioners who will be competent to execute the commission, and to give the proper instructions to the jury, without the aid of counsel to perform that duty for them. For this purpose a solicitor or counsellor of this court should always be named one of the commissioners; and in cases of importance the commission ought not to be executed without his presence. The taxing officer was therefore right in rejecting the charge for a counsel fee upon executing the commission; as no such allowance is found in the fee bill. The travelling expenses of the solicitor to attend on the execution of the commission were also properly rejected; as such expenses are

1841.

In the matter of Root.

in no case properly taxable as disbursements. (2 *Paige's Rep.* 348. 5 *Idem*, 552.)

It appears from the taxed bill that a great number of charges have been allowed by the taxing officer which according to repeated decisions of this court were not taxable. A retaining fee to counsel is not allowed in proceedings of this kind. And if the taxing officer had examined the decision of this court referred to in the note to the first item of counsellor's fees, in the fee bill which was published with the revised rules of 1837, he would not have fallen into the error of allowing such a charge. The charges for drawing, engrossing, and copies of the several jurats to the petitions should also have been rejected in accordance with the reported decision of this court in *Stafford* v. *Bryan*, (2 Paige's Rep. 51.) The charge for a copy of the commission, to keep, was not taxable ; as the draft is all that is necessary in such cases. The solicitor is not entitled to charge for the drawing and engrossing the return to the writ by the folio ; as it is the duty of the commissioners to make their own return. The same objection exists to the charge for drawing, engrossing, and copy of the panel of jurors for the sheriff, and engrossing the sheriff's return on the precept to summon the jury. Those services should be performed by the sheriff himself. And the fee bill has given him a specific compensation for his services ; which in this case amounted, for the three items allowed by law, for summoning the jury, returning the precept, and attending the jury upon the taking of the inquisition, to one dollar and sixty-two and an half cents. That allowance is made in another part of this bill for the sheriff's fees ; and no part of it should have been taxed in another shape as an allowance to the solicitor. Engrossing the precept for a jury and a copy of the same to keep were not taxable. The draft of the precept, and a fair copy thereof to be signed by the commissioners only were allowable. This precept is to be returned to the commissioners merely, and need not be returned to the court and filed there. It does not, therefore, come within the clause of the fee bill allow-

ing fourteen cents a folio for engrossments to be filed. (2 *Paige's Rep.* 469.) And the charge for filing the panel and sheriff's return to the precept should also have been disallowed by the taxing officer. The charges for drawing oaths to be administered to the jury and witnesses should not have been taxed ; as such oaths are not required to be in writing, but should be administered orally. And if the commissioners do not know how to execute the commission themselves, they must employ some one to instruct them, and pay for such instruction out of the allowance given to them for their services. For the same reason the charge for drawing instructions to the commissioners, how they are to discharge their duties, should also have been disallowed. Where a commission is to be executed in a foreign country, where the persons appointed to execute it are presumed to be unacquainted with our laws, instructions may be necessary to enable them to execute the commission in due form. But upon the execution of a commission of lunacy here, if the solicitor selects proper persons as commissioners, to be nominated for the approval of the court, they will be able to discharge their duty ; even if he does not himself attend upon the execution of the commission to instruct them verbally how it is to be executed. The master should not have taxed a copy of subpœna to keep, in addition to the draft and engrossment. Neither was a copy of the inquisition, in addition to the draft and engrossment, taxable ; as the draft would be all that could be necessary for the solicitor to have enabled him to attend to the further proceedings in the case. Fair copies of pleadings and proceedings in a cause to be retained by a solicitor, in addition to the drafts, are only to be allowed in those cases in which such copies will probably become necessary, or may be wanted for future use ; as in the case of pleadings, petitions, &c. when such copies are actually made and preserved by the solicitor, for future use in the progress of the cause.

The notice to the drunkard, of the execution of the commission, was improperly taxed by the folio. By adopting

that course, a service for which the legislature had given to the solicitor a specific fee of thirty-seven and an half cents, is taxed at nearly three times that amount. This was a notice to *be served* ; and therefore comes within the specific allowance in the fee bill for a necessary notice actually served. It was not like the notice, required to be filed to make the commencement of the suit constructive notice to subsequent purchasers of real estate ; which may be taxed by the folio in ordinary cases. (*See Doe* v. *Green*, 2 *Paige's Rep.* 351.) The copy to annex to the affidavit may be allowed, as it rendered the affidavit much shorter ; but as the affidavit was only for the satisfaction of the commissioners that the notice had been served, and was not a paper to be filed in court, the charge for engrossing the affidavit was not taxable. The affidavit of the identity of the wife of the drunkard who signed the consent upon the petition, for the committee, was an entirely useless expense. The inquisition, if properly drawn, showed who the nearest relatives of the drunkard were. And where one of such relatives consents to the petition, by endorsing her consent thereon, the court does not require an affidavit that the petitioner has not committed a forgery by putting the name there himself without authority. The taxing officer went far enough when he allowed forty-nine cents for drawing, engrossing and copying the consent itself, which probably did not exceed three or four lines ; and he should have rejected the further charge for the useless affidavit. The charge for an engrossed copy of the draft order for the register to enter, should not have been allowed ; as the court in the case of *Doe* v. *Green*, (2 *Paige's Rep.* 352,) had decided that it was not taxable. The counsel fee upon the ex parte motion for the appointment of a committee should have been taxed at one dollar and fifty cents ; as the larger counsel fee of two dollars and fifty cents is only allowed upon motions which are actually argued ; when such argument is opposed by an adverse party. The present fee bill in that respect, was intended to be the same as Chancellor Kent's bill of April, 1818.

And his remarks upon these items evidently show that the larger sum was not intended to apply to motions ex parte. (*See Blake's Pr. 1st ed. App.* 116.) That charge must, therefore, be allowed at one dollar and fifty cents merely ; and the solicitor is probably entitled to a similar charge, upon the ex parte motion for the commission, which has been left out of the bill by mistake. The solicitor was not entitled to the allowance for drawing and engrossing the acknowledgment of the obligors in the bond ; as that was a part of the duty of the officer who took the acknowledgment ; whose fees for such acknowledgment have also been allowed by the taxing officer. The allowance to the master for examining into the circumstances of the sureties and approving the same, is fixed by the fee bill at one dollar. This necessarily includes the swearing of the sureties, who are required to justify ; and no further allowance can be made for that, as a separate charge. The allowance for taxing the costs should not have been at the highest sum fixed in the fee bill, as it was not a taxation of costs after a decree in a cause. Neither was the solicitor entitled to charge for drawing his bill of costs ; as no such allowance is authorized by the fee bill. The copy to be taxed and filed only should have been allowed, at fifty cents. (2 *Paige's Rep.* 52.) The residue of the charges in this bill which were for services that might never be performed ; as they relate to a contemplated application to this court for an allowance beyond the $50, specified in the 162d rule, could not be legally taxed as prospective services. And the court had not authorized the taxing officer to report as to what would be a reasonable charge for executing the commission beyond what had been allowed by the legislature for the taxable costs and disbursements upon such a proceeding.

The illegal and improper items allowed by the master on taxation amount to $23,81, which deducted from the bill of costs as taxed leaves the amount to which the solicitor was entitled for his costs and taxable disbursements $48,60. To this should be added the counsel fee of $1,50 upon the

application for the commission, not charged in the bill; making in all $50.10. This includes $2,25 for taking the acknowledgment of the bond, at the rate of thirty-seven and an half cents for each person named therein, which is charged as a part of the master's bill; though I presume it must have been for separate acknowledgments taken before a *commissioner*, who was in office previous to the passage of the law of the last session.

A doubt was suggested upon the hearing of this application whether any provision was made for paying jurors in a proceeding upon a commission of lunacy. The last item of the section of the fee bill relative to fees, however, clearly covers this case, and gives a fee of twelve and an half cents to each juror sworn upon the execution of the commission; the number of which jurors should never exceed twenty-three. The taxing officer was not authorized, in this case, to allow for the attendance of witnesses; as the statute prohibits him from taxing any charge of that kind without an affidavit stating the distance the witnesses respectively travelled, and the number of days they actually attended. (2 *R. S.* 653, §7.) And the charge for witnesses in this case was not made out in the manner directed by the 131st rule of this court; so as to make the usual affidavit upon the bill of costs a sufficient compliance with this statutory proceeding to authorize the taxing officer to tax for witnesses' fees without any further affidavit. I have not, however, disallowed that charge in the estimate I have made of the taxable costs, as there is no doubt that the solicitor has paid out that amount for witnesses' fees. And the only object of reviewing this taxation was to see if there were any grounds for making an extra allowance for costs beyond what the committee was authorized to pay without any special order for that purpose. Upon an application for a re-taxation of costs, I should consider it my duty to reject any charge for witnesses' fees which had been taxed contrary to the express statutory provision on the subject.

The application for an allowance beyond the $50 speci-

fied in the 162d rule must be denied. That sum the committee will be authorized to pay, under the rule, without any special order of the court directing such payment; upon the production of the register's certificate that the taxed bill of costs has been filed, amounting to $50 and upwards.