AUG. 5.

*Austin W. Otis* v. *Samuel Forman.* O. L. BARBOUR, for complainant; W. L. F. WARREN, for defendant. This was an application by the complainant for a retaxation of the defendant's costs, upon a decree for the dismissal of the complainant's bill. The principal items objected to were the costs upon a motion made by the defendant to dissolve an injunction which had been granted in the cause ; which motion was granted, and nothing was said in the order in relation to the costs of the application.

THE CHANCELLOR. The necessary costs of the defendant upon his successful motion to dissolve the injunction, were properly taxable as costs in the cause, although nothing was said in reference to costs upon the decision of that application. The rule as to the taxation of costs of interlocutory proceedings as costs in the cause, is stated by the court in the case of *Stafford* v. *Bryan,* (2 *Paige's Rep.* 52.) It is not usual to give costs to the defendant upon the dissolution of an injunction upon bill and answer, where the bill upon its face was sufficient to entitle the complainant to the injunction; for although the answer fully denies all the equity of the bill, it may, and frequently does, appear from the subsequent proofs that the charges in the bill were true, and that the answer which denied all the equity of the bill was false. But where the defendant succeeds in his defence, he is entitled to his costs of a successful application to dissolve the injunction, to be taxed as costs in the cause, where he obtains a general decree for costs. Nor does the provision of the 199th rule of this court apply to such a case, as that rule only provides for the amount of costs where the court directs the motion or pe-

*Margin notes:* Costs—what items are taxable. Costs of motion to dissolve injunction.

tition to be granted or denied with costs. But whenever the costs of a special motion are allowed as a part of the general costs in the cause, the several items of such costs are to be taxed as a part of the general bill, unless the court directs the contrary. The engrossing a copy of the affidavits to keep was not necessary and should not have been taxed. (*See Root's, case 8, Paige 629.*) The drafts of the affidavits were all that were necessary for the defendant's solicitor to keep. Nor was the defendant entitled to charge a separate solicitor's and counsel fee upon the unsuccessful attempt of the complainant's solicitor to suspend the hearing of the motion to dissolve the injunction to a future time. The resisting such attempt was a part of the duties of the counsel upon the motion which he was employed to make. The charges for filing the draft of the order, and one of the charges for entering in the minutes, and for the copy of the order and engrossing, and service upon the complainant's solicitor, were also improperly allowed upon the taxation.

*Costs of special motions.*

*Engrossing a copy of aff'ts to keep, not taxable*

*Solicitor's and counsel fee on motion to postpone the hearing*

Where the cause is brought to hearing upon pleadings and proofs, the counsel who actually attend upon such hearing are entitled to their fees, although the adverse party does not appear to argue the cause on his part, but suffers the decree to be taken against him by default. And the solicitor is also entitled to his fee if he actually attends when the cause is reached and heard. In this case the solicitor has been allowed for his attendance and fees, and also charged for two other persons as counsel. But from the affidavit I do not understand that two counsel besides the solicitor actually attended on the argument. The fee to one of the counsel should therefore have been disallowed. Serving copy of the decree, with notice and proof of such service, were not taxable, as no such service of the decree was necessary. The engrossing of the enrollment was properly charged, and five folios in relation to the decree itself is allowed for the enrollment.

*Fees of solicitor and counsel on a hearing by default.*

The charge for the disbursements on the proposed amendments of the decree ought not to have been taxed. If an amendment was necessary, it should not be at the expense

of the complainant, as the error was attributable to the defendant's solicitor, who drew up the decree. But the solicitor of the defendant was in an error in supposing that any amendment of the decree was necessary to entitle him to issue an execution to enforce the payment of the costs. The statute allows the court to enforce the performance of its decrees by execution. And to entitle a party in whose favor a decree has been made to an execution thereon, it is not necessary that the decree itself shall contain a provision to that effect. The execution to enforce the performance of a decree is a matter of right under the statute; and the party in whose favor the decree is made, is entitled as of course to an execution thereon, unless there is something in the decree itself prohibiting the issuing of an execution thereon for a limited period, or until the further order of the court.

The illegal charges embraced in the notice for retaxation, and which should be disallowed, amount to $16.44; which sum must be deducted from the bill as taxed. And as the complainant has only succeeded as to a part of the items as to which he asked for a retaxation, neither party is to have costs as against the other upon this application.