Earl P. Mason, Respondent, *v.* William G. Lord and Hannah Dougherty, Appellants.

An assignment of a lease, which assignment was absolute on its face, but in fact given as security for a usurious loan, may, in the hands of a purchaser of such lease from the usurious assignee, with notice that the original assignment was security for a loan, although without notice of its usurious character, be avoided for usury, by a judgment creditor of the original lessee.

And one holding a sheriff's deed given upon a sale of the interest of the lessee, under judgment and execution against him, may maintain ejectment against such purchaser in possession of the premises under his purchase from the usurious assignee of the lease.

This is so where the judgment was previously perfected, although the purchase of the lease was effected by payment to the usurious assignee, a reassignment by him to the lessee, and assignment from the latter direct.

L. holding a lease of certain real property, assigned it (16th February, 1855) to H. by an assignment absolute on its face, but in fact, as security for a usurious loan from the latter. Subsequently (11th January, 1856), M. & J. recovered a judgment against L., upon which execution was issued (5th February, 1858), the lease bid in by M. and a sheriff's deed of it and of L.'s interest in the premises thereunder at the time of the entry

of judgment, received by him (29th November, 1859). L. being in possession, and threatened (April, 1857) by H.'s executrix with a sale of the lease unless the loan was paid, applied to D., his friend and relative, informing him of the facts as to the transfer to H., except the usurious character of the loan, and requested him to purchase the lease from H.'s representative. D. did so, and paid the money to H.'s executrix, but she declining to assign directly to D., the lease was finally reassigned by her to L., and by him immediately assigned to D. In an action of ejectment brought by M. against L. in possession under D.'s devisee—*Held,* that he could recover, and that the transfer from H.'s executrix to D. of the lease, was but an assignment of an equitable mortgage upon the lease to secure a usurious loan from H. to L., which mortgage was void for usury as against the plaintiff succeeding to all the title L. had in the lease at the time of the entry of the judgment under which he bought.

A finding by a judge of a material fact *wholly* without evidence to sustain it, is an error of law, and upon exception thereto, reviewable in this court. GROVER, J.

So, *it seems,* is the refusal to find a material fact proved by uncontroverted evidence. GROVER, J.

(Argued April 3d, 1869. Decided June 14th, 1869.)

APPEAL from a judgment of the General Term in the first district, affirming judgment for the plantiff ordered by a judge upon a trial without a jury.

The action was ejectment for the recovery of certain leasehold property in Henry street. The plaintiff claims as purchaser under an execution issued on a judgment in the Superior Court of the city of New York, in favor of the plaintiff and one Jackson, against the defendant, Lord. This judgment was originally for the sum of $1,421.07, entered on the 11th day of January, 1856, and docketed in the office of the county clerk on the 12th February, 1856. On the 10th of March, 1856, the inquest on which this judgment was obtained was set aside, the court at the same time ordering that the judgment should stand as security. On the 6th of October, 1857, final judgment was rendered in that action in favor of the plaintiff therein, against Lord, for $1,302.74. The property was sold to the plaintiff under an execution issued on this judgment, and the sheriff's deed is dated November 29, 1859.

Lord's title to this property vested on the 28th April, 1853, by an assignment to him of the original lease. He occupied the premises as a dwelling-house. On the 16th February, 1855, Lord assigned the lease to Elias H. Herrick. This assignment was absolute on its face, but in reality designed as security for a loan of $3,000, made by Herrick to Lord, at a rate of interest of ten per cent per annum. The $3,000 advanced on this loan was to be considered a permanent loan ; and Lord was to have the right to redeem the leasehold property at any time by payment of this amount, provided he was not, at the time, indebted to Herrick in any greater sum; but, if indebted at the time in the sum of $5,000 or upwards, he was to redeem it at $5,000, which was the estimated value of the property. Herrick died in the spring of 1857, and Lord was then indebted to him in the sum of about $8,000. As security for repayment of this sum, Herrick then held the assignment of the lease under the above mentioned agreement, and also certain stocks. After the death of Herrick, his executrix caused Lord to be notified that he could redeem the leasehold property by the payment of $5,000, or otherwise it would be sold. Lord was then insolvent and unable to furnish the $5,000 for the redemption of the house, and asked Michael Dougherty, the defendant Dougherty's devisor, and the father-in-law of Lord, if he would not buy it at the price of $5,000. Dougherty refused. Lord then proposed, that if Dougherty would buy the house, he, Lord, would, as part of the consideration, execute to him a bill of sale of the furniture then in the house, which was worth from $400 to $600. Dougherty then agreed to buy the house and furniture for $5,000, and requested Lord to have the assignment made directly from Herrick's executrix to him, Dougherty, which Lord promised to do. Lord then went to Taylor, the agent of the executrix, told him that Michael Dougherty had agreed to purchase the house for $5,000, and directed him to make the assignment directly to Dougherty, for the expressed consideration of $5,000, which Taylor promised to do. Two or three days after, Taylor came to Lord with the assignment

made out, to Lord, reciting $3,000 as the consideration. Lord "objected, and Taylor said it was done by the advice of Mrs. Herrick's counsel, who had advised him to make it out directly to Lord, and to make the consideration the same as when Lord made it to Herrick." Lord did not then know that there was any judgment against him, and supposed that the change in the lease would not prejudice the rights of Dougherty, and took the papers, without alteration, to Dougherty, on the same day. Dougherty objected to the form in which the assignment was drawn to Lord, instead of to himself; Lord, thereupon, replied that there were no judgments against him, Lord, and certainly it could make no difference. Dougherty then consented to take the papers as they were, and Lord, on the 11th April, 1857, executed an assignment of the lease to Dougherty. The assignment from Herrick's executrix to Lord, is dated April 9th, 1857. Dougherty paid the $5,000 purchase money before he saw the assignment from Mrs. Herrick to Lord. The check bears date April 11th, 1857. When Lord was negotiating with Dougherty the purchase of the house, he told Dougherty that the house was in his own name, that he had assigned it two years previous to Herrick for advances made by him; that Herrick was dead, and his executrix had notified him that he must redeem it or have it sold; that he did not want to have it sold to a stranger, because he might have to move out of it. He also told Dougherty that he was then embarrassed, but as he had not failed, the public did not know that he was embarrassed; in the words of Lord: "In substance I told him my circumstances; that I owed Mr. Herrick so much money; that he held as security my house and certain other collaterals, and I wanted to redeem it; that I could not redeem it unless some one did it for me. I got him to buy the house and other parties to buy the stocks." "I wanted him to buy the house, so that I would not have to move out of it; that was my object, and I took a lease of it."

The court found the facts substantially as above detailed, except that he found, in addition: 1st, The transaction

between Lord and Dougherty was a loan of money and not a sale of property; 2d, That Dougherty, when he made the advance of $5,000 to Lord, had notice of the agreement between Lord and Herrick being usurious; 3d, That the transaction between Lord and Dougherty was usurious and void, " because the furniture aforesaid was given to said Dougherty as an inducement to him to make such advance, and was a contrivance and arrangement whereby more than seven per cent per annum was taken and reserved on said advance."

The defendant excepted to each of these three findings of fact. The defendant, Hannah Dougherty, was the sole devisee of Michael, and defendant, Lord, was in possession under her at the commencement of the action.

The judge found, as conclusion of law, that the assignment from Lord to Herrick, although absolute upon its face, was nevertheless a mortgage; that it was given upon a usurious contract and consideration, and was usurious and void.

That by the re-assignment of such lease to Lord, the mortgage became merged in the legal title in Lord, and the judgment, having from the time of the docketing thereof been a lien upon the said premises, was thenceforward the only lien thereupon.

That, irrespective of such merger, Mr. Dougherty having taken the assignment thereof, with full knowledge that Herrick had only a mortgage interest, and of the usurious transaction and agreement under which it was held, and that the entire transaction was void for usury, had no greater or other rights and equities than Herrick himself possessed in respect thereof.

That the agreement, upon which the said Dougherty advanced the said sum of $5,000 to said Lord, was also usurious and void, because the furniture aforesaid was given to said Dougherty as an inducement to him to make such advance, and was a contrivance and arrangement whereby more than seven per cent per annum was taken and reserved on said advance.

That the plaintiff, as purchaser under the aforesaid judg-

ment (being himself one of the judgment creditors), is entitled to set up that the mortgage in question and the said advance were and are usurious and void as against him, and to have them so adjudged.

That the said mortgage is null and void, even in the hands of Dougherty as against the plaintiff, on account of the usury aforesaid.

That the plaintiff is entitled to have the possession of the premises delivered up to him, discharged from the lien of the said mortgage, and to have judgment against the defendants for the value of the use and occupation of the premises, from the 3d of December, 1859, until the present time, at the rate of $500 a year, amounting to the sum of $1,527.40, together with the costs of this action.

*J. L. Jernegan,* for the appellants, upon the point that the finding of the judge that the transaction between Lord and Dougherty was a loan and usurious, was wholly unsupported by evidence, and therefore error; he cited *Pratt* v. *Foot* (5 Seld., 463); *Davis* v. *Spence* (24 N. Y., 386); *Dry Dock Bank* v. *Life Ins. & Tr. Co.* (3 Comst., 359).

The sale by Lord to Dougherty can in no wise be invalidated by the previous usurious assignment to Herrick. And the assignment to Herrick was not a nullity, but passed the title and might be affirmed by Lord. (*Dix* v. *Van Wyck*, 2 Hill, 522; *French* v. *Shotwell*, 5 Johns. Ch. R., 555; *Sands* v. *Church*, 2 Seld., 347; *Hartley* v. *Harrison* 24 N. Y., 170.)

Even if the transaction by Dougherty could be regarded as a purchase of the equitable mortgage of Herrick, the taint of usury was cured by the payment by an innocent party of a new consideration under a new instrument direct from Lord the mortgagor, there having been a reassignment by Herrick's executor to him. (*Powell* v. *Waters*, 8 Cow., 681; *Jackson* v. *Henry*, 10 Johns., 185; *Kent* v. *Walton*, 7 Wend., 256; *Aldrich* v. *Reynolds*, 1 Barb. Ch. R., 43; *Smedberg* v. *Simpson*, 2 Sandf., 85.)

A purchaser under execution against Lord cannot set up usury against a *bona fide* purchaser from Herrick (*Jackson* v. *Henry, supra*), and Hannah Dougherty, as mortgagee in possession, can defend until her mortgage is paid. (*Phyfe* v. *Riley*, 15 Wend., 248 ; *Russell* v. *Ely*, 2 Black., 575.)

The judgment of Mason and Jackson being a general lien on Lord's real estate, is subject to every equity against Lord's property at the time the lien of judgment attached. (*Burgh et al.*, v. *Frances et al.*, 1 Eq. Cas. Abr., 320; *Finch* v. *Earl of Winchester*, 1 P. Wm.'s, 282; *Burn* v. *Burn*, 2 Ves. Jr., 576; *Hirst* v. *Hurst*, 2 Wash. C. C., 69 ; *Jackson ex dem. Tuthill* v. *Dubois*, 4 Johns., 216 ; *Delare* v. *Keenan*, 3 Desaus, 74 ; In matter of Howe, 1 Paige, 125 ; *Kiersted* v. *Avery*, 4 Paige, 9, 15; *Buchan* v. *Sumner*, 2 Barb. Ch. R., 165, 207 ; *Wilkes* v. *Harper*, 2 id., 338, 354.)   And at the time the lien of the judgment attached, 9th April, 1857, when Herrick's executrix reassigned to Lord, Dougherty was equitable owner of the lease by virtue of a resulting trust, having advanced the money.   (1 R. S., p. 728, §§ 50, 51, 53.) Lord took the assignment to himself "without the consent" of Dougherty, who paid the consideration.   The lien of the judgment must therefore be postponed to Dougherty's equity. (*Voorhees* v. *Presbyterian Ch.*, 8 Barb., 135 ; *Reid* v. *Fitch*, 11 Barb., 399 ; *Lounsbury* v. *Purdy*, 16 Barb., 376 ; Affd., 18 N. Y., 515 ; *Ells* v. *Tousley*, 1 Paige, 280 ; *Wait* v. *Day*, 4 Den., 439, 444; *Siemen* v. *Schurck*, 29 N. Y., 598.)

Where Lord, though undertaking to act as agent for Dougherty, took the conveyance in his own name, he will be considered as holding in trust for his principal. (*Sweet* v. *Jacocks*, 6 Paige, 355, 364 ; *Taylor* v. *Salmon*, 4 Mylne and Craig, 134, 139; *Lees* v. *Nuttall*, 1 Russ and Mylne, 53, affirmed on appeal ; *Pillsbury* v. *Pillsbury*, 17 Maine, 107 ; *Jenkins* v. *Eldridge*, 3 Story's Rep., 181, 289, 290; *Carter* v. *Palmer*, 11 Bligh, 397, 418, 419 ; *Boyd* v. *McLean*, 1 John. Ch., 582; *Van Epps* v. *Van Epps*, 9 Paige, 237 ; *Torry* v. *Bank of Orleans*, id., 649; *Dobson* v. *Racy*, 3 Sandf. Ch., 60, 62; *De Caters* v. *Le Ray De Chaumont*, 3 Paige, 178;

*Hawley* v. *Cramer*, 4 Cow., 717; *Cram* v. *Mitchell*, 1 Sandf. Ch., 214; *Rogers* v. *Rogers*, Hopkins, 515; *Hamilton* v. *Wright*, 9 Cl. and Fin., 111.)

That the lien of the judgment does not attach until the *legal* title vested in Lord. (See *Ells* v. *Tousley*, *supra*; *Jackson* v. *Chapin*, 5 Cow., 485.)

*Stephen P. Nash*, for the respondent, beside other points not discussed in the opinion, insisted that the fact that the assignment by Lord to Herrick, before the docketing of the judgment, was absolute in form, did not prevent the judgment attaching as a legal lien upon the premises, if the assignment was in truth by way of mortgage; and cited *Runyan* v. *Mersereau* (11 Johns., 534); *Kortright* v. *Cady* (21 N. Y. R., 343, 347, 364); *Merrill* v. *Bartholick* (36 N. Y. R., 44); *Whittick* v. *Kane* (1 Paige, 262); *Grimstone* v. *Carter* (3 Paige, 421); *Williams* v. *Thorn* (11 Paige, 459); *Chautauqua Co. Bank* v. *Risley* (19 N. Y. R., 369.) The mortgage to Herrick was void for usury, as against the parties having judgment liens upon the same property. (*Thompson* v. *Van Vechten*, 27 N. Y., 568; *Schroeppel* v. *Corning*, 5 Den., 226; *Dix* v. *Van Wyck*, 2 Hill, 522; *Post* v. *Dart*, 8 Paige, 639; *Williams* v. *Tilt*, 36 N. Y., 319.) No trust resulted to Dougherty upon the reassignment of the lease to Lord, as the former finally consented that Lord should take the title; and therefore the case is precisely the same as if that had been the original arrangement. (*Norton* v. *Stone*, 8 Paige, 222; *Commercial Bank* v. *Warren*, 15 N. Y., 579.)

GROVER, J. If the fact found by the judge, that Michael Dougherty loaned the $5,000 to the defendant, Lord, with which the latter redeemed the mortgage given by him upon the property in question to Herrick, from the executrix of the latter, is to be 'assumed as true by this court, there can be no question of the plaintiff's right of recovery, irrespective of the further fact found that such loan was usurious. The appellant's counsel excepted to the finding of the above facts.

The case contains no evidence tending to establish them, but, on the contrary, the evidence shows that Dougherty, instead of loaning the money to Lord, agreed to purchase the property, and advanced the money to Lord with instructions to procure a conveyance of the property to him therewith from the executrix of Herrick. Nothing was said about a loan or the reconveyance of the property by Dougherty to Lord or the repayment thereof by Lord to him. The finding is not against the weight of evidence merely, but the finding of a fact against a party entirely without evidence. Relief against the former error could only be given by the General Term of the Supreme Court to which the appellant might appeal for the correction of errors, either of fact or law, committed by the judge who tried the cause, without a jury. An appeal to this court can only be taken upon the law. The question, then, is, whether finding a fact without any evidence to sustain it is an error of law. The statement of the question would seem to suggest the answer: A finding of facts must always be based upon evidence; and where none is given tending to show an affirmative fact, it is contrary to law to find such fact against a party traversing it. This is recognized in numerous cases in this court, where it has been held that a judge erred in refusing to direct a jury to find the non-existence of a fact when there was no evidence of its existence, and also in refusing to direct the finding of a fact when the uncontroverted evidence proved it. When the alleged error is a finding of fact contrary to the weight of the evidence, it is within the meaning of the Code providing for appeals on error of fact, of which this court can take no cognizance. When it is the finding of a fact without any evidence, or the refusal to find a fact proved by uncontroverted evidence, it is a legal error which is available in this court. It follows that, in finding the above facts, a legal error was committed which entitles the appellant to a reversal of the judgment unless it appears from the other facts, legally found, that this error could not have prejudiced the appellant. From the latter it appears that, although the

assignment of the lease by Lord to Herrick was absolute upon its face, yet it was only a mortgage, having been made as a security for a loan of money by Herrick to Lord, and that this was known to Dougherty at the time he negotiated for the purchase of the property and advanced the money for that purpose to Lord. This fact being established, Lord, notwithstanding the apparent absolute assignment of the lease by him, continued the legal owner of the term and Herrick had only a lien thereon for the security of his debt. (*Runyon* v. *Mersereau*, 11 Johns., 534; *Kortright* v. *Cady*, 21 N. Y., 343; *Merritt* v. *Burtholick*, 36 id., 44.) Lord, thus being the legal owner of the lease, held an interest in the premises. The judgment, under which the plaintiff makes title, became a lien upon such interest at the time of the entry thereof, long prior to any negotiation by Dougherty for the purchase; Dougherty knowing that the assignment by Lord to Herrick was only a mortgage, nothing done by him, Lord, and the executrix of Herrick affected this lien. The most favorable view that can be taken of the interest acquired by Dougherty is that he, by purchase from the executrix of Herrick, acquired the same title held by Herrick under the assignment to him from Lord, and that this title was not in equity subjected to the lien of the judgment by reason of the reassignment of the lease by the executrix to Lord, for the reason that, under the circumstances under which such reassignment was taken, Lord took the same as trustee for Dougherty, such trust resulting from the advance of the money by the latter to the former, for the purpose of obtaining a transfer of the interest of Herrick to him. In this aspect of the case, Dougherty acquired precisely the interest of Herrick, as assignee of his mortgage interest, and the judgment continued a lien upon the legal interest of Lord in the term. This legal interest of Lord passed to the plaintiff under the sale and conveyance of the sheriff under the judgment, and became a valid title in the plaintiff, subject to the mortgage, if that was valid. But the fact was found that the mortgage was given to secure a usurious loan by

Herrick to Lord. It is claimed that Lord could waive this invalidity of the mortgage. This is true as to his own rights and the rights of all acquired from him subsequent to such waiver. But the lien of the judgment had attached before anything done by Lord, that could possibly constitute a waiver. The judgment creditor having a lien upon the property has the right to avoid a mortgage prior to his lien by showing it usurious. (*Dix* v. *Van Wyck*, 2 Hill, 522; *Post* v. *Dart*, 8 Paige, 632; *Thompson* v. *Van Vechten*, 27 N. Y., 568.) This right was also acquired by the plaintiff upon his acquisition of title under the judgment. The right is equally available against an assignee of the mortgage as the mortgagee himself. A mortgage not being negotiable by the law merchant, the assignee, acquires only the right of the mortgagee and takes subject to all available defences against the latter. The mortgage was thus shown to be void as against the plaintiff, irrespective of the question whether Dougherty knew its usurious character at the time of its purchase. There was, therefore, no title shown in Dougherty and he could not, therefore, have been in any way prejudiced by the finding that he loaned the money to Lord, which the latter paid to the executrix of Herrick upon the transfer of the mortgage by her, instead of paying it as purchaser of the property. The judgment must be affirmed with costs.

Daniels, J. The judge before whom this case was tried without a jury, found as a fact, that Michael Dougherty, who devised the leasehold estate in controversy to his widow, Hannah Dougherty, who is one of the defendants in this action, was informed before he advanced his money or took the assignment of the lease, that Elias H. Herrick, to whom the judgment debtor, the other defendant, had assigned it, held it by way of security for the payment of a debt owed him by such debtor. This conclusion was fully warranted by the evidence given, both by the defendant Lord, who was the judgment debtor, and the testator himself, and no exception was taken to it by the defendants. After having

been so informed, if the testator had received an assignment directly from Herrick's executrix, it would have transferred to him only such rights as she, in that capacity, had in the lease, which were those of a mortgagee, notwithstanding the fact that she held it under an assignment which was absolute upon its face. For it is now well settled that such an assignment may be shown by parol evidence to be defeasible as a mere security. (*Hodges* v. *Tennessee Ins. Co.*, 4 Seld., 416.) And that evidence may be given not only against the mortgagee or assignee himself, but also against all persons acquiring title from him, knowing the legal nature of the transaction. The second assignee would succeed to all the rights and be subjected to all the disabilities possessed by and imposed upon the person assigning the security to him. (*Williams* v. *Thorn*, 11 Paige, 459; *Bush* v. *Lathrop*, 22 N. Y., 535.)

The judge also found, as a fact, that the lease was assigned by the judgment debtor to Herrick for the purpose of securing a usurious loan of money made by him to the judgment debtor. And no exception was taken to that conclusion. For the purpose of disposing of the present appeal that must be therefore assumed as a fact, without reference to the condition of the evidence on which it was predicated. For this court can only review questions of law in cases presented in the form of the present one, and an exception is required to raise such a question. Assuming then that the assignment was made to Herrick to secure the payment of an usurious loan of money made by him to the assignor and judgment debtor, it was by the terms of the statute and the construction placed upon them by the courts, void as to the latter, and to all persons deriving title to the leasehold estate under him. If Herrick, or his executrix, had continued to hold the assignment until the plaintiff had perfected his title to the leasehold estate under his judgment and execution, it would have found no legal obstacle to the recovery of the possession of the premises, if he, or his executrix, had, in the meantime, gone into the occupancy of the property. For being void

on account of usury against the judgment debtor, and assignor, himself, it would, likewise, be so against the creditor, whose title had become perfected under the execution sale. (*Dix* v. *Van Wyck*, 2 Hill, 522; *Schroeppel* v. *Corning*, 5 Denio, 236; *Thompson* v. *Van Vechten*, 27 N Y., 568, 585.) And as the assignment would have been void between the purchaser under the judgment and execution and the assignee, it would necessarily have been the same in the hands of Michael Dougherty, if Herrick's executrix had assigned the lease directly over to him, as it was claimed he should have done according to the terms of the agreement made between Dougherty and the judgment debtor. If full effect could be given to that agreement, Michael Dougherty would have acquired the lease directly by assignment from the executrix. And as he had notice that he held it only as a security, Dougherty would have afterwards held it precisely in the same way.

The judge found as a fact that Dougherty had notice that the assignment had been made to Herrick, as security for a usurious loan of money. And that finding was excepted to by the defendants. But it cannot be very material whether the judge was right or wrong in his view of the evidence upon this subject; for it was not necessary that Dougherty should have had notice of the usurious nature of the transaction, in order to render the security as invalid in his hands as it was in those of Herrick and his executrix. It was sufficient for that purpose, that he showed that the assignment had been made to Herrick, simply as a mortgage, for with that understanding, it would have continued to be a mortgage in his hands, if it had been assigned directly to him, and he would have then been incapable of enforcing the collection of the usurious debt by means of it. Conceding, therefore, in the defendants' favor, all that they claim should have been awarded by way of rectifying the assignments, and still they would remain unable to make a successful defence to the plaintiffs' action for the recovery of the premises in dispute.

When his judgment was recovered, it became a lien upon

the debtors' interest in the leasehold estate. And after the title was perfected to it under the execution sale, the plaintiff became entitled to recover the possession, not only from him, but also from the usurious mortgagee, and such other persons as might have acquired the same interest from him by way of assignment.

No reason existed for supposing that Michael Dougherty believed that he was to acquire a complete legal title to the property by an assignment of the lease from Herrick's executrix, for in his own evidence, he stated that he understood that Lord owned it. And if that was his understanding, it was clear that he must have known that the executrix held it only as a security, and could therefore assign it in no other manner to him.

By the assignments that were made, Dougherty acquired the same rights in the property which he would have had if the business had been done precisely as he directed it. For the intention with which Lord took his assignment from Herrick's executrix, prevented the security from becoming merged in the legal estate. (*James* v. *Morey*, 2 Cowen, 246.) And the intervening lien of the plaintiffs' judgment had the same effect.

But if that had not been the case, the court had no power to relieve Dougherty, either in the action which he brought, or in the defence made in the present case, for he accepted the assignment taken from Lord, with knowledge that his directions had been departed from in the preceding portion of the transaction. It is true that this was done under the conviction produced by Lord's misrepresentation, that there were no judgments against him. And that would have been sufficient, when the truth was first discovered, to have entitled Dougherty to a rescission of the transaction, if the proper action had been instituted by him for that purpose. But an action to change the nature of the assignment, by giving them the effect of one from Herrick's executrix, directly to nim, even if that could have been done, would have afforded him no benefit, as long as the security was void for usury in

her hands. Changing the form of the transfer of the usurious security from the executrix to Dougherty, would have produced no change whatever in the legal nature of the security itself. The pervading vice of usury would have still rendered the security invalid in his hands, and in the hands of those acquiring title under him, as against the title secured to the property by the plaintiff under his judgment and execution, no matter in what shape the assignment of it may have been placed. It was the usury in the security, not the form in which it was transferred, that legally disabled the defendants from maintaining their defence. The judgment on that account was right, and it should therefore be affirmed.

All the judges were for affirmance, on the grounds stated in the opinion of GROVER and DANIELS, J. J.

Judgment affirmed.

NOTE.—As to what parties may raise the defence of usury and who cannot, see further *Ohio & Mississippi R. R. Co.* v. *Kasson* (37 N. Y., 218); *Williams* v. *Birch* (2 Trans. Appeals, 133); *Bullard* v. *Raynor* (30 N. Y., 197); *Billington* v. *Wagoner* (33 id., 31); *De Wolf* v. *Johnson* (10 Wheat., 367); *Livingston* v. *Harris* (11 Wend., 329); *Man* v. *Eckford's Ex'rs.* (15 Wend., 502); *Watson's Ex'rs* v. *McLaren* (19 Wend., 563); *Jackson* v. *Henry* (10 J. R., 185); *Cole* v. *Savage* (1 Paige, 583); *Shufelt* v. *Shufelt* (9 id., 137); *House* v. *Hovey* (9 id., 197); *Lloyd* v. *Scott* (4 Pet., 205); *Hungerford's Bank* v. *Dodge* (30 Barb., 626); *Lynde* v. *Staats* (1 N. Y. Leg. O., 89); *Keyes* v. *Moultrie* (3 Bosw., 1); *Draper* v. *Prescott* (29 Barb., 401); *Berdan* v. *Sedgwick* (40 Barb., 359); *Rexford et al.* v. *Widger et al.* (2 Comst., 131); (1 Tran. Appeals, 262, *Chamberlain* v. *Dempsey*); *Elwell* v. *Chamberlain* (4 Bosw., 320.)

As to buying lands subject to a usurious mortgage, see *Brooks* v. *Avery* (4 Comst., 225); *Chamberlain* v. *Dempsey* (14 Abb. R., 241); *Field* v. *Chapman* (14 id., 133); *Hart* v. *Kennedy* (14 id., 432); *Morris* v. *Floyd* (5 Barb., 130); *Pearsall* v. *Kingsland* (3 Edw., 195); *Schermerhorn* v. *Talman* (4 Kern., 93); *Post* v. *The President, &c., of The Bank of Utica* (7 Hill, 391); *Sands* v. *Church* (2 Seld., 347); *Wells* v. *Chapman* (4 Sandf. Ch. R., 312.)—REP.