# SECOND DEPARTMENT.

## GENERAL TERM, FEBRUARY, 1875.

---

KNICKERBOCKER LIFE INSURANCE COMPANY v. HILL.

*Usury — affecting mortgage may be set up by holder of subsequent incumbrance. Trust — when estate vests in beneficiary.*

The purchaser of real estate at a sale under the foreclosure of a mechanic's lien, *held*, entitled to set up the defense of usury against a mortgage existing prior to said lien.

K. took title to lands in his own name, and executed to I. a declaration of trust stating that he held title to secure a debt due him from I. *Held*, that this not being an express trust authorized by statute no estate vested in the trustee. The title would be in the beneficiary subject to the execution of the power in trust.

APPEAL by defendants Iremonger from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by the Knickerbocker Life Insurance Company against Charles A. Hill and others, including Thomas, George and William Iremonger, to foreclose a mortgage. The mortgage in question was executed in 1872 by Charles A. Hill to the plaintiff to secure the payment of $6,000, and was duly recorded. Subsequently, and in September, 1873, the defendants Iremonger filed a mechanics' lien against the mortgaged property. Under a foreclosure of such lien the property was purchased by John R. Kuhn. At the time of taking the deed said purchaser executed a declaration of trust, stating that he took the same in trust for the Iremongers to secure his costs, counsel fees and expenses incurred in suits concerning said premises.

In 1874 default having occurred in the payment of the mortgage debt this action was commenced. The defendants Iremonger set up among other defenses, that of usury on the agreement between

Hill and plaintiff. The referee on trial excluded evidence offered by said defendants to establish such defense.

*John R. Kuhn, John H. Bergen* and *Philip Reilly,* for appellants.

*Johnson & Cantine,* for respondent. The defense of usury is one of which the Iremongers cannot avail themselves, not being parties to the loan. *Post* v. *Pres't of Bank of Utica,* 7 Hill, 391 ; *Rexford* v. *Widger,* 2 N. Y. 131 ; *Schermerhorn* v. *Talman,* 14 id. 128 ; *Bullard* v. *Raynor,* 30 id. 197 ; *Chamberlain* v. *Dempsey,* 36 id. 148 ; *Ohio & Miss. R. R. Co.* v. *Kasson,* 37 id. 218.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

TAPPEN, J. This is an appeal by certain of the defendants from a judgment entered upon the report of a referee in favor of the plaintiff in an action for the foreclosure of a mortgage.

The only questions which will be considered in this opinion are whether the defendants Iremonger had acquired an interest in the mortgaged premises which entitles them to question the validity of the mortgage, and whether the defense of usury set up in their answer is available to them as subsequent incumbrancers or purchasers of the premises.

The complaint avers a mortgage made by the defendant Charles A. Hill, a guarantee thereof in writing by the defendant Curtis L. North, and that the defendants therein, including the defendants Iremonger, who defend this action, have, or claim some interest or lien in the mortgaged premises, which lien or interest, if any, accrued subsequent to the lien of the mortgage ; and the usual judgment of foreclosure and sale is sought.

Among other matters set up by the defendants Iremonger, in their answer, is an averment that they furnished labor and materials toward the erection of a house on the premises ; that they filed a builders' lien on the 6th of September, 1873; that they foreclosed the lien and had judgment on the 24th of February, 1874, and a sale thereunder, whereby they became the purchasers and owners of all the right, title and interest of the defendants Hill, North, etc. ; they further aver that the mortgage in suit was usurious, and specify the usurious agreement, and ask judgment for the cancellation thereof. At the trial, the referee ruled that the

defendants had no right to interpose the defense of usury, and that no testimony to establish it would be received, and the defendants excepted.

The referee also refused to allow them to show that they went into possession under the deed made on the sale, under the judgment foreclosing their builders' lien.

It appears by the testimony that the defendant Curtis L. North was at one time owner of the premises; that conveyance went from him to Hill, and that Hill mortgaged to the plaintiff.

The facts show that the defendants Iremonger had acquired, by operation of law, and not as strangers, an interest in or lien on the premises, entitling them to question the plaintiff's mortgage, and the defense of usury is available to them.

The case of *Cavan* v. *Kelly*, 3 Alb. Law Jour. 373, holds that an execution creditor, having a levy, may avoid a prior chattel mortgage for usury ; and that such defense is available is also held in *Dix* v. *Van Wyck*, 2 Hill, 522, and *Thompson* v. *Van Vechten*, 27 N. Y. 568.

In *Williams* v. *Tilt*, 36 N. Y. 325, quoting *Post* v. *Dart*, 8 Paige, 640, it is said a mere stranger cannot insist on the invalidity of an usurious security, but it may be set up by one claiming under the mortgagor.

In *Mason* v. *Lord*, 40 N. Y. 488, it is held that a judgment creditor, having a lien upon the property, has a right to avoid a mortgage prior to his lien, by showing it usurious. Numerous authorities are quoted at the foot of this case as to what parties may or may not raise the defense of usury, and while the courts seem to have been occasionally in conflict on this question, yet the weight of authority and the later decisions are all in favor of the proposition that it may be set up by a subsequent lienor or a grantee, who does not take the estate with an express reservation as to the mortgage security sought to be defeated. Other cases are cited in *Merchants' Exchange N. Bank* v. *Commercial Warehouse Co.*, 49 N. Y. 643, which case also embodies the opinion of JONES, J., of the Superior Court, in which certain rules are stated and approved upon this question.

On the authority of these cases, we hold that on establishing an interest in the mortgaged premises, which was acquired without any reservation as to the mortgage, the defendants Iremonger were entitled to offer proof of usury to defeat the mortgage in question.

The judgment should, therefore, be reversed, and a new trial granted at special term, costs to abide the event.

BARNARD, P. J. I think the referee erred in excluding the proof offered to show usury in the mortgage given by Hill to plaintiff.

The defendants Iremonger succeeded to Hill's estate, by virtue of the sale under their lien; judgment against North and the Hills. They may avoid for usury a mortgage claiming priority. *Thompson* v. *Van Vechten*, 27 N. Y. 568; *Mason* v. *Lord*, 40 id. 476; *Merchants' Exchange N. Bank* v. *Commercial Warehouse Co.*, 49 id. 636.

The cases are conflicting on this question, but it seems well settled that a purchaser of property under an execution may attack a previous usurious lien. The defendants Iremonger have such an estate as permits them to set up this defense.

At the sale, Mr. Kuhn, who seems to have been their attorney, bid in the property and took the deed in his own name, but executed to the Iremongers a written declaration of trust, stating that his purchase was at request of said Iremongers, and that he had title in trust therein, to secure costs, counsel fees and advances made and incurred in suits concerning said premises.

This not being an express trust authorized by statute, no estate vests in the trustee. 1 R. S. 729, § 58. The title would be in the beneficiaries, subject to the execution of the power in trust. Id., § 59.

The judgment should be reversed, and a new trial granted at special term, costs to abide event.

*Judgment reversed and new trial granted.*