FIRST NATIONAL BANK OF ROCHESTER *vs.* HORATIO HARRIS & another.

A national bank has authority to buy the checks of individuals on other banks, whether payable to bearer or to order.

The provisions of the Gen. Sts. *c.* 53, § 10, concerning defences to promissory notes payable on demand, do not apply to checks on banks.

One who receives in regular course of business, in good faith and for value, within a reasonable time after date, a check on a bank, drawn payable to order and indorsed in blank by the payee, takes it free from equities between the original parties of which he had no notice.

A check on a bank in Boston was sent from Boston by mail to Rochester in New York, and there bought four days after its date, and was presented for payment two days afterwards. *Held,* that the buyer was not subject to equities existing between the original parties, of which he had no notice, either on the ground that the lapse of time between the date of the check and his purchase of it should have put him upon inquiry, or on the ground of unreasonable delay in making presentment.

The summoning of the maker of a check on a bank, payable to order, as trustee in foreign attachment of the payee, after dishonor of the check by the bank on its presentment by an indorsee, does not affect his liability thereon to the indorsee.

CONTRACT against partners doing business at Boston under the name of Horatio Harris & Company, on the firm's check, dated November 10, 1870, upon the Second National Bank of Boston, for $1216.80, payable to the order of H. Johnson & Company, and indorsed in blank by them. Writ dated November 30, 1870. The declaration alleged the making of the check by the defendants, its indorsement to the plaintiffs by H. Johnson & Company, due presentment of it by the plaintiffs for payment, the refusal of the Second National Bank of Boston to pay it, and due notice to the defendants of its dishonor. The answer alleged that the check was obtained from the defendants by H. Johnson & Company through fraud and without consideration, and that " by law and the custom of merchants a bank check not payable to bearer, but drawn payable to the order of a particular person, is not ne-

gotiable so as to preclude defences thereto in the hands of a third party, which might be made thereto in the hands of the person to whose particular order it is drawn, but is drawn merely to secure the receipt of the person in whose favor it is drawn, and for no other purpose; " denied that H. Johnson & Company indorsed the check to the plaintiffs until it was overdue and affected by all equities attaching to it as between the original parties; denied due presentment of it by the plaintiffs for payment, and due notice to the defendants of its nonpayment; and alleged that no person other than H. Johnson & Company was the lawful holder of it at the date of the writ.

At the trial in the superior court, before *Devens*, J., without a jury, it was agreed " that the plaintiffs are a corporation duly organized under the laws of the United States ; that on Thursday, November 10, 1870, the defendants signed the check, and sent it by mail to H. Johnson & Company in Rochester, New York; that H. Johnson & Company indorsed it and delivered it to the plaintiffs ; that the plaintiffs received it on Monday, November 14, 1870, without actual or implied notice of any defect in the title of the indorsers to it, and at the same time paid the face of the check, after deducting one eighth of one per cent. ; that H. Johnson & Company never kept an account at, and never were depositors with, the plaintiffs' bank ; that on November 16, 1870, the plaintiffs duly presented the check to the Second National Bank of Boston for payment, which was refused ; that due notice of its nonpayment was given to the defendants ; that the check has not since been paid ; and that the defendants have a good and valid defence to any action on the check, brought against them by H. Johnson & Company." It was not agreed whether the plaintiffs bought the check from H. Johnson & Company on said November 14, or received it from them for collection only ; but the judge found that they bought it.

It further appeared that on November 18, 1870, Henry S. Billings sued H. Johnson & Company in a trustee process in the superior court in this county, and summoned these defendants on that day as trustees therein ; and that the suit is still pending.

By consent of the parties, the judge reported the case for the determination of this court on these facts.

*W. P. Walley,* for the plaintiffs.

*W. H. Towne,* for the defendants.

CHAPMAN, C. J.   We cannot doubt that the plaintiffs had authority to buy checks.   The power conferred on national banks by the U. S. St. of 1864, *c.* 106, § 8, expressly confers it, in the clause which authorizes them to discount and negotiate promissory notes, drafts, bills of exchange and other evidences of debt. Dealing in checks is also a part of the usual business of banking, and would be within the general powers of a bank, without special mention.   Nor is there any difference, in this respect, between a check payable to bearer and one payable to order.   Nor does § 10 of the Gen. Sts. *c.* 53,* apply to checks, either by its terms, or by its object.

The plaintiffs appear to have bought the check in question in good faith, and presented it for payment in two days thereafter; and this does not appear to have been an unreasonable delay, considering the relative situation of the parties.   Thus the case is governed by the case of *Ames* v. *Meriam,* 98 Mass. 294, and the plaintiffs are not subject to the defence set up.

The action of Billings against Johnson and these defendants as his trustees cannot affect these plaintiffs; for they were not parties to it, and their rights, as against the defendants, were fixed before the action was brought.       *Judgment for the plaintiffs.*

---

* "In any action by an indorsee against the promisor, brought upon a promissory note made after the sixth day of May, eighteen hundred and thirty-nine, and payable on demand, any matter shall be deemed a legal defence which would be a defence to a suit thereupon if brought by the promisee; provided that no matter arising after notice of the indorsement or transfer of such note is given to the promisor shall constitute a defence."