JOANNA FEALY, Respondent, *v.* JOHN BULL, Appellant.

*Trial — a false answer of a juror as to his relations with counsel is a ground for a new trial.*

Where a juror, upon his examination before his acceptance as a juror, states that he never had had any business relations with either the counsel or the attorney for the plaintiff in the action, and is accepted as a juror, and it subsequently appears that at that time the plaintiff's attorney was acting in an action as the attorney of record for such juror, the defendant is entitled to a new trial.

APPEAL by the defendant, John Bull, from an order of the Supreme Court, made at the Madison Special Term and entered in the office of the clerk of the county of Cortland on the 28th day of April, 1896, denying the defendant's motion for a new trial made upon a case and exceptions and affidavits, the jury in the action having rendered a verdict in favor of the plaintiff after a trial at the Cortland Circuit on the 8th day of January, 1894.

*A. P. Smith* and *Mynderse Van Cleef,* for the appellant.

*Nathan L. Miller* and *James Dougherty,* for the respondent.

MERWIN, J.:

One of the grounds upon which the defendant sought for a new trial was the misconduct of one of the jurors. It was shown by affidavits on the part of the defendant, and not denied on the part of the plaintiff, that Mr. Forshee, one of the jurors who sat in the case, was, upon his examination by the counsel for the defendant, before his acceptance as a juror, asked the question whether he ever had any business relations with either of the counsel or the attorney for the plaintiff in the action, and the juror answered that he had not. It was also shown that in April, 1891, in the Court of Special Sessions, Forshee, upon a plea of guilty, was convicted of a violation of the Excise Law and sentenced to be imprisoned in the Onondaga County Penitentiary for the period of sixty days and to pay a fine of twenty-five dollars; that thereafter, and on or about April 9, 1891, Mr. Dougherty, the plaintiff's attorney, was employed by Forshee, in habeas corpus proceedings before the county judge of Onondaga county, and obtained for Forshee a writ of habeas corpus from said

judge; that upon the hearing on the return of said writ Dougherty was one of the counsel for Forshee, and such proceedings were then had that Forshee was remanded to the custody of the keeper of the penitentiary; that thereupon Forshee appealed to the General Term, and Forshee, by an order of the county judge, was admitted to bail. The order admiting to bail recites the appearance of Dougherty as attorney for the prisoner, and is dated and entered April 16, 1891. It does not appear when the appeal was terminated. Forshee in his affidavit says "that such proceedings were thereafter had in said appeal that, as deponent now remembers, he was discharged from custody." Mr. Dougherty in his affidavit says "that thereafter said appeal was noticed for trial and placed upon the calendar, and the people not appearing on said appeal the defendant was discharged from custody."

It is not denied that Forshee employed Dougherty as his counsel, but he and Dougherty in their affidavits both state that the employment of Dougherty ceased on the termination of the proceedings before the county judge, and that he was then paid in full for his services. Dougherty, however, says that his name might have appeared as the attorney of record in all the proceedings through courtesy of the counsel who had the appeal in charge, but that still he, Dougherty, had nothing to do with it. Judging from his affidavit he seems to have been more familiar with the history of the appeal than the counsel was, as the latter in his affidavit does not state when the appeal ended. The affidavit of Dougherty was made in July, 1895. The trial of this action at which Forshee was a juror was in January, 1894. It was charged by the defendant in the moving affidavits that Dougherty was, at the time of the trial, in the employ of Forshee in the excise case; and it was, therefore, of some importance for the plaintiff to show, if true, that the excise case was then at an end. This was not done, although in the power of the plaintiff, and the inference may, therefore, be made that in fact it was then pending, with Dougherty as the attorney for Forshee on the record.

The juror, in stating on his examination that he had never had any business relations with the plaintiff's attorney, did not tell the truth. The attorney was there, but he said nothing. He gives no explanation of his silence. Had the truth, as Forshee now claims it to be,

been then stated, it is very apparent that he would not have been allowed to sit as a juror. The right of challenge is an important one, and the conduct of the juror, countenanced as it was by the plaintiff's attorney, operated to deprive the defendant of a privilege which the law gave him. He had a right to examine the juror and to expect that the truth would be told. The case of *M'Garry* v. *City of Buffalo* (24 N. Y. Supp. 16) is, in some respects, like this, and there an order for a new trial was affirmed. It further appears that the present action has been pending since 1889, and was, therefore, pending at the time of the habeas corpus proceedings.

Upon the evidence the case, to say the least, was a close one, and the jury had difficulty in coming to the conclusion it did.

The motion for a new trial should, we think, have been granted upon the ground referred to.

All concurred.

Order reversed and a new trial granted, costs to defendant to abide the event.