(38 App. Div. 5.)

## COHN v. DAVID MAYER BREWING CO.

(Supreme Court, Appellate Division, First Department.   February 24, 1899.)

1. NEGLIGENCE—EVIDENCE.

In an action to recover for injuries caused by the alleged negligence of a driver of a wagon of defendant, evidence that the name of defendant was painted on the wagon, with his place of business, and that at such place of business there was a similar name on a sign, establishes prima facie the ownership of the wagon.

2. DIRECTING VERDICT.
    Where the weight of evidence is so decidedly preponderating in favor
    of one party that a verdict contrary to that preponderance would be set
    aside on motion, the court should nonsuit or direct a verdict.

Appeal from trial term, New York county.

Action by Ernestine Cohn against the David Mayer Brewing Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles G. F. Wahle, for appellant.
Grant C. Fox, for respondent.

PATTERSON, J. The plaintiff sustained injuries on the 23d of March, 1896, by being run over by a horse and wagon as she was attempting to cross from the northeast to the southeast corner of Second avenue and Eighty-Sixth street, in the city of New York. It was alleged in the complaint that the horse and wagon belonged to the defendant, that the horse was being driven by a servant of the defendant, and that his carelessness and negligence in driving were the cause of the accident. These allegations were denied in the defendant's answer. At the close of all the proofs the complaint was dismissed by the justice presiding, and from the judgment entered thereupon this appeal is taken.

It was incumbent upon the plaintiff to prove that the driver of the wagon was the servant of the defendant. She did show that there was painted on the wagon the name of the "David Mayer Brewing Company, 1235 Second Avenue"; and she also showed that upon the premises No. 1235 Second avenue there was a sign, "David Mayer Brewing Company, Bottling Department." We will assume that that was sufficient to establish prima facie the ownership of the wagon. Scaman v. Koehler, 122 N. Y. 647, 25 N. E. 353. The case cited appears to authorize the inference that the driver of the wagon was the defendant's servant. It then devolved upon the defendant to prove, in order to escape liability, that it did not employ the driver, or that he was not in its service or engaged in its business at the time of the accident. There were several witnesses for the defendant, each of whom testified that the wagon did not belong to the David Mayer Brewing Company, but that it belonged to one Katz, who succeeded the David Mayer Brewing Company in business. The driver of the wagon testified that he was driving it when the accident occurred, and that he had never been in the employ of the defendant. Katz testified that on the 23d of March, 1896, the driver of this wagon was employed by him, and that he (Katz) bought the wagon from a maker named Woodruff. Joseph Blank testified that he was the manager of Katz's business, carried on at No. 1235 Second avenue, from December, 1895; that this wagon was bought by Katz, who caused it to be painted over. Mayer, the secretary of the defendant, testified that the wagon did not belong to the defendant, had never belonged to it, and that the driver never had been in the employ of the defendant. It appeared that Katz continued to

use the name and the sign of the defendant after December, 1895,. in the bottling business.   Here was the positive testimony of four persons that the wagon did not belong to the defendant, and that the driver was not in its employ.   Under these circumstances, the inquiry is whether there was anything to go to the jury.   Where the weight of evidence is so decidedly preponderating in favor of one party that a verdict contrary to that preponderance would be set aside on motion, a trial judge should nonsuit or direct a verdict, as the case may require.   Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342; Linkhauf v. Lombard, 137 N. Y. 418, 33 N. E. 472; Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473; Dwight v. Insurance Co., 103 N. Y. 343, 8 N. E. 654.   But it is claimed that the credibility of a witness or witnesses is involved, and, hence, that the case should have gone to the jury.   I do not think so.   The court should have directed a verdict for the defendant.   Joseph Blank was a distinterested witness.   The driver's testimony involved Katz in liability, and Katz's testimony showed that, if any one was liable for the negligence of the driver, he was.   Mayer, the defendant's secretary, may be called an interested witness, but there was full corroboration of his testimony; and where there is such corroboration the case may be disposed of by the court without submitting the credibility of such witness to the jury, and the court should accept it as true.   Anderson v. Boyer, 156 N. Y. 99, 50 N. E. 976.

The judgment should be affirmed, with costs.   All concur.