JOANNA FEALEY, Respondent, *v.* JOHN BULL, Appellant.

APPEAL — WHEN REFUSAL TO NONSUIT IS NOT REVIEWABLE BY COURT OF APPEALS. Where the Appellate Division has reversed a judgment based upon a verdict held to be against the weight of evidence and grants a new trial, and on a subsequent trial the evidence is substantially the same as on the former trial, the refusal of the trial court to nonsuit presents no error reviewable by the Court of Appeals, where the evidence is sufficient to support a verdict either way.

*Fealey* v. *Bull,* 25 App. Div. 621, affirmed.

(Submitted April 30, 1900; decided June 12, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 10, 1898, affirming a judgment in favor of plaintiff

entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Irving H. Palmer* and *Henry A. Dickinson* for appellant. The court erred in denying the motion for a nonsuit. Where the weight of evidence is so decidedly preponderating in favor of one party that a verdict contrary to that preponderance would be set aside on motion, a trial judge should nonsuit or direct a verdict as the case may require. (*Cohn* v. *Mayer Brewing Co.*, 38 App. Div. 5.) Under the circumstances in which the check was made and transferred and presented it had become overdue paper and had lost its character of negotiability, so that an indorsee could not take except subject to the equities between the parties. (5 Am. & Eng. Ency. of Law [2d ed.], 1050 ; *Cowing* v. *Altman*, 71 N. Y. 435 ; *Brust* v. *Barrett*, 16 Hun, 409 ; 82 N. Y. 400 ; *Smith* v. *Miller*, 43 N. Y. 171 ; 52 N. Y. 545 ; *Burkhalter* v. *S. Nat. Bank*, 42 N. Y. 538 ; *Turner* v. *Bank of Fox Lake*, 3 Keyes, 425 ; *Linkhauf* v. *Lombard*, 137 N. Y. 417 ; *Grant* v. *Town of Enfield*, 11 App. Div. 358.)

*James Dougherty* for respondent. The questions for review being limited to such questions as are raised by the appeal from the judgment, the facts are not before the court for review and the question whether the verdict was against the weight of evidence cannot be considered by this court. (*Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 632 ; *Rowe* v. *Stevens*, 44 How. Pr. 10 ; 53 N. Y. 621.) The verdict was fully sustained by the evidence, and this court would not be justified in the exercise of its discretion, after three juries have found for the plaintiff, in setting aside the verdict as against the weight of evidence. (*Nichols* v. *Tuttle*, 35 N. Y. S. R. 851 ; *Betsinger* v. *Chapman*, 24 Hun, 15 ; *Hamilton* v. *T. A. R. R. Co.*, 8 J. & S. 377 ; *Fowler* v. *E. F. Ins. Co.*, 7 Wend. 270 ; *Haring* v. *N. Y. & E. R. R. Co.*, 13 Barb. 16 ; *Dor-*

*win v. Westbrook*, 11 App. Div. 394.) A check is not due from the drawer until payment has been demanded from the drawee and refused by him. As between the holder of a check and the indorser or third person payments must be demanded within a reasonable time. But as between the holder and the maker or drawer a demand at any time before suit is brought is sufficient. (*Murray* v. *Judah*, 6 Cow. 490; *Cruger* v. *Armstrong*, 3 Johns. Cas. 5; *Conroy* v. *Warren*, 3 Johns. Cas. 259; *Carroll* v. *Sweet*, 128 N. Y. 19; *Little* v. *Phenix Bank*, 2 Hill, 425; *Scott* v. *Meeker*, 20 Hun, 161.)

CULLEN, J. This action was brought by the indorsee against the drawer to recover the amount of a check. The case was submitted to the jury on specific questions of fact, and no general verdict was rendered. The first question was, " Has the plaintiff satisfied the jury by a fair preponderance of evidence that she has purchased the check in good faith and paid value therefor?" This the jury answered in the affirmative. It is not necessary to refer to the disposition of the other question submitted to the jury. On this finding the trial court directed a judgment to be entered for the plaintiff, which judgment has been affirmed by the Appellate Division.

There have been three trials of this action, all of which have resulted in favor of the plaintiff. The first verdict was set aside by the Appellate Division as being against the weight of evidence. (71 Hun, 402.) The second met with similar fate, on the ground of misconduct on the part of one of the jurors. (11 App. Div. 468.)

It is claimed by the appellant that the Appellate Division having held that the verdict was against the weight of evidence, it was the duty of the trial court to nonsuit on the subsequent trial, the evidence being substantially the same as upon the former trial, and the refusal of the court to dismiss the complaint for this reason is the first error complained of. In support of this contention the appellant relies on *Cohn* v. *Mayer Brewing Co.* (38 App. Div. 5) and *McDonald* v.

*Metropolitan Street Railway Co.* (46 App. Div. 143), in which it is said that "Where the weight of evidence is so decidedly preponderating in favor of one party that a verdict contrary to that preponderance would be set aside on motion, a trial judge should nonsuit or direct a verdict as the case may require." Whether the rule thus declared is correct or not, so far as it governs the action of trial courts or the Appellate Division, a failure to comply with it and a submission of the case to the jury, where the evidence is sufficient to support a verdict either way, presents no error of law which may be reviewed by this court. In *Colt* v. *Sixth Ave. R. R. Co.* (decision reported in 49 N. Y. 671), Judge ALLEN, for this court, wrote: "The credibility of the witnesses and the effect and weight of the conflicting and contradictory testimony were questions solely for the jury, and were properly submitted to them, and present no question of law. It is only where there is no evidence, which, if believed, will sustain a verdict for the plaintiff, that the court is called upon to nonsuit. If the facts stated by the witnesses, or the facts stated with such reasonable inferences as the jury will be authorized to draw from them, if true, would authorize a verdict for the plaintiff, a nonsuit ought not to be granted. The court is not authorized to take the case from the jury merely because in the opinion of the judge the witnesses are not entitled to credit, or the weight of evidence in a case of a conflict of testimony is with the defendant. It is not enough to justify a nonsuit that the court on a case made might, in the exercise of its discretion, grant a new trial and give the parties the privilege of submitting the questions of fact to another jury. The evidence may be sufficient in law to sustain a verdict, although so greatly against the apparent weight of evidence as to justify the granting of a new trial."

In *Bagley* v. *Bowe* (105 N. Y. 171) this court said: "The trial court or the General Term is authorized to set aside a verdict and direct the issue to be retried before another jury, if in its judgment the verdict is against the weight or preponderance of evidence, but in a case which of right is triable by

jury the court cannot take from that tribunal the ultimate
decision of the fact, unless the fact is either uncontradicted or
the contradiction is illusory, or where, to use a current word,
the answering evidence is a 'scintilla' merely." In this last
case a judgment entered on a verdict directed by the trial
court was reversed, so the case would seem to be an authority
not only for the proposition that the failure to direct a ver-
dict for preponderance of evidence does not constitute an
error of law cognizable by us, but also for the further propo-
sition that such a direction is legal error. The dicta in the
two cases cited from the Appellate Division seem to be prin-
cipally based on the authority of certain decisions in this
court.

In *Linkhauf* v. *Lombard* (137 N. Y. 417, 426) it is said
that "The rule should be regarded as settled, under all the
authorities, as well by the decisions of the courts of this state
as by those of England, that, where there is no evidence upon
an issue before the jury, or the weight of the evidence is so
decidedly preponderating in favor of one side, that a verdict
contrary to it would be set aside, it is the duty of the trial
judge to nonsuit, or to direct the verdict, as the case may
require." A statement substantially similar is to be found in
*Hemmens* v. *Nelson* (138 N. Y. 517). Taken by themselves,
these declarations apparently afford some justification for the
rule asserted in the cases cited from the Appellate Division.

But to excerpt a single sentence from a judicial opinion
and construe and interpret it apart from the context of the
opinion in which it is found, and without regard to the sub-
ject-matter under discussion, is not only unreasonable, but, at
times, leads to erroneous conclusions.

This court has always disclaimed authority to review the
determination of the courts below on questions of fact, except
in a limited class of cases. (*Mead* v. *Bunn*, 32 N. Y. 275.)
Therefore, had there been a real or substantial conflict of
evidence in the *Linkhauf* and *Hemmens* cases we would have
had no power to reverse the judgments there rendered on
matters of fact. On the other hand, this court has always

asserted the doctrine, that a finding of fact without evidence to support it constitutes an error of law (*Mason* v. *Lord*, 40 N. Y. 476), and that, in law, a finding on insufficient evidence is a finding without evidence. (*Pollock* v. *Pollock*, 71 N. Y. 137.) In the last case Judge FOLGER quoted MAULE, J. (*Jewell* v. *Parr*, 13 C. B. 916 ; 76 E. Com. L. Rep. 909), with approval, as saying : " When we say that there is no evidence to go to a jury, we do not mean literally none ; but that there is none that ought reasonably to satisfy a jury, that the fact sought to be proved is established." Even a casual reading of the opinion in the *Linkhauf* case shows that it is but an authority for the doctrine that, as to the submission of a cause to the jury, the question is not whether there is *any* evidence to make out a case of liability, but whether there is sufficient evidence to establish that fact, and evidence which rests in mere surmise, or speculation, is insufficient to present an issue as against the positive evidence of a defendant, or the reasonable and legal inference from facts conceded or established upon the trial. In that case it is said, referring to the evidence : " At most, it was only open to a surmise that the defendants were individually concerned in running this steamship line and that was not enough to justify the trial judge in letting the case go to the jury. To permit a jury to speculate and surmise upon a question of responsibility, is to withdraw from the litigant a safeguard intended for the protection of his rights." So, also, in the *Hemmens* case, referring to a question of fact in the case, the opinion says : " Still, however improbable it may appear, if there was any evidence, the question was doubtless for the jury." The doctrine of both cases is the same. There must be not only some evidence, but the evidence must be sufficient in its nature to warrant the court in submitting a cause to the jury. In nearly all the cases where it has been held that a scintilla of evidence was not sufficient to uphold the verdict, the proof has been a matter of inference. But the rule also applies to cases of direct evidence. The testimony of a witness may be in such contradiction of matters of common knowledge, or the laws of nature,

as to be incredible as a matter of law. (*Matter of Harriot*, 145 N. Y. 540.) A witness may be so discredited by his own confession that his uncorroborated testimony is insufficient in law to justify a verdict. (*People v. Evans*, 40 N. Y. 1.) We do not assume to enumerate all the cases where a verdict or a nonsuit should be properly directed. Where, however, the right to a verdict depends on the credibility to be accorded witnesses, and the testimony is not incredible nor insufficient as a matter of law, the question of fact is for the jury to determine.

In the case before us the plaintiff testified to a state of facts which, if believed, entitled her to recover. Her story was not incredible, as a matter of law, though it contained improbabilities and may have been open to suspicion. In some matters she was contradicted by the defendant's witnesses. The jury might have discredited the plaintiff, and the court, in its exercise of its discretion, might have set the finding in her favor aside and awarded a new trial, but the power to review the question of fact ceased with the Appellate Division.

The plaintiff testified to having acquired the check five days after its delivery to the drawee, and the appellant contends that this lapse of time rendered the paper overdue and subjected it to any defense that might exist between the original parties. Such does not seem to be the law. (Daniels on Neg. Instr. § 1684; *Herrick v. Woolverton*, 41 N. Y. 581; *Wheeler v. Warner*, 47 N. Y. 519; *First Nat. Bank v. Harris*, 108 Mass. 514.)

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.