RUSH v. JOSEPH H. BAULAND CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. USE OF CITY STREET—NEGLIGENT DRIVING—QUESTION FOR THE JURY.
     Evidence considered, and *held* to require submission to the jury of the question whether one driving a horse and wagon at a gallop down the city street, and into collision with a pedestrian, was negligent.

2. SAME—CONTRIBUTORY NEGLIGENCE.
     Crossing a city street after having looked up and down at the curb, but without again looking, is not, as a matter of law, negligence contributing to an injury by collision with a horse and wagon negligently driven, and not previously seen.

**3. SAME.**
>    A pedestrian, who, in the effort to escape a collision with a galloping horse, first observed when but 14 or 15 feet away, really runs into the danger, is not guilty of contributory negligence, as a matter of law.

Appeal from Trial Term.

Action by Ellen M. Rush, an infant, by Elizabeth Rush, her guardian ad litem, against the Joseph H. Bauland Company. From a judgment of nonsuit, dismissing the complaint at the close of plaintiff's case, and from an order denying a new trial, she appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George W. Roderick, for appellant.
John Vernon Bouvier, Jr., for respondent.

JENKS, J. The plaintiff attacks this judgment armed with the most favorable inferences from the evidence, and with all disputed facts as if established in her favor. Place v. N. Y. C. & H. R. R. Co., 167 N. Y. 345, 60 N. E. 632. If there was evidence, in law, which, if believed by the jury, would have sustained a verdict for the plaintiff, then the nonsuit was error. Colt v. Sixth Ave. R. Co., 49 N. Y. 671, approved in McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282; Place v. N. Y. C. & H. R. R. Co., supra. The following facts could have been found upon the evidence: In the afternoon of June 20, 1899, in the borough of Brooklyn, the plaintiff, a girl 16 years old, attempted to cross Fourth avenue at its intersection with Twenty-Second street. First she looked up and down the avenue, but saw only a truck carting stone. It was then between Twenty-First and Twenty-Second streets, approaching slowly. She thereupon stepped from the curbstone at the southeast corner of the avenue and Twenty-Second street, and traveled upon the cross-walk across the avenue to a point within 3 or 4 feet from the westerly curbstone of the said avenue and the said Twenty-Second street. Then, hearing a shout, she looked up the avenue towards Twenty-First street, and, for the first time, saw, about 2 or 3 feet away, the defendant's horse and wagon coming towards her in a direct line. She tried to escape by running towards the nearest sidewalk, but was struck down by the horse. The horse had galloped from a point midway between Twenty-First and Twenty-Second streets; but, when it came within 75 feet of the cross-walk whereon the plaintiff was passing, the driver began to tug upon the reins and to saw upon the mouth of the horse. As he did so, the horse left the granite pavement, which was laid for a space of 25 feet in the center of the street, and went in towards the curb upon cobblestone pavement, which was laid for a space of 18 feet upon either side of the granite way. When the horse was 14 or 15 feet from the plaintiff, he was jumping and galloping, and was then traveling at the rate of a mile in 3 to 3½ minutes, and this speed continued up to the time of the accident. I think, upon this evidence, that there was, at the time the court gave nonsuit, a fair question for the jury as to the negligence of the defendant. Barker v. Savage, 45 N. Y. 194, 6 Am. Rep. 66;

Brooks v. Schwerin, 54 N. Y. 343; Murphy v. Orr, 96 N. Y. 14; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440; Canton v. Simpson, 2 App. Div. 561, 38 N. Y. Supp. 13; Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 18 N. E. 108.

The question of contributory negligence was, at that time, also for the jury. The plaintiff testifies that she looked up and down the avenue immediately before she began her journey upon the crosswalk. If she thereafter went on her way with her eyes straight ahead, it cannot be said, as a matter of law, that, under the circumstances, she was thereby negligent. Zwack v. N. Y., L. E. & W. R. Co., 160 N. Y. 362, 54 N. E. 785. If, in her effort to escape collision, she ran into the danger, that does not render her remediless, if the danger was one that she might not reasonably anticipate, and if the driver was negligent. Barrett v. Smith, 128 N. Y. 607, 28 N. E. 23. If, under the stress of acute cross-examination, the story of a witness as to the incidents of an accident is not consistent, or may contain improbabilities, or may be open to suspicion, or may, as to some parts, be contradictory of that of the other witnesses called by the same party, yet when, after all, the right to the verdict depends upon the credibility to be accorded to witnesses, and their testimony is not incredible or insufficient as matter of law, the jury must take the case. Cullen, J., in Fealey v. Bull, 163 N. Y. 402, 57 N. E. 631.

The judgment of nonsuit should be reversed, and a new trial granted, with costs to abide the event. All concur.