(49 Misc. Rep. 521)

### GOLDEN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 27, 1906.)

STREET RAILWAYS—COLLISIONS—EVIDENCE—CARE OF PLAINTIFF.

    In an action for damages for injuries sustained by plaintiff's truck in a collision with one of defendant's cars, evidence that plaintiff looked for approaching cars before crossing a track *held* to be incredible, as a matter of law, as being in contradiction of matters of common knowledge.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by John J. Golden against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

William E. Weaver, for appellant.
Frayer, Stotesbury & Gregg, for respondent.

GREENBAUM, J.   Plaintiff claims damages for injuries sustained by his truck in a collision with one of defendant's cars.   The accident happened at the junction of Park Row and Pearl street.   Plaintiff was driving in an easterly direction through Pearl street, and as he reached Park Row preparatory to crossing defendant's tracks he claims he looked in a southerly direction, to see if any car was approaching on the uptown track, and that, although he could see for a distance of 200 feet down the track, he observed no car coming.   He also claims that the wagon was struck in its middle—that is, midway between the first and rear wheels—by a north-bound car, and that he was thrown by the impact on the track in front of the colliding car.   It seems to be undisputed that the plaintiff's horse was swung around to the easterly side of the car, and defendant's motorman testifies that the wagon was struck at about the front wheel.   The mere fact that plaintiff testified that he looked in the direction of the approaching car and did not see it is not sufficient to absolve him from the charge of negligence.   It is improbable that if he looked he would not have seen the car.   It is also improbable that his wagon could have been struck as he describes, and that he should have been thrown upon the track.   The consequences are rather in accord with the fact that he failed to look for a car, and that his wagon was struck just as he reached the track.   The mere statement that the plaintiff looked is "in such contradiction of matters of common knowledge or the law of nature as to be incredible as a matter of law." Fiddler v. N. Y. Cent. R. R. Co., 64 App. Div. 95, 100, 71 N. Y. Supp. 721; Swart v. N. Y. Cent. R. R. Co., 81 App. Div. 402, 407, 80 N. Y. Supp. 906; Hebron v. New York City Railway Co. (Sup.) 94 N. Y. Supp. 341.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.