minutes of the former trial were read in evidence, and some additional testimony in favor of the defendant was given by an elevator boy upon the question of surrender by the defendant and acceptance by the landlord. Even if we should hold that this testimony was of sufficient scope to obviate the objections to the holding of the trial court on the first trial to the effect that the oral notice and the correspondence constituted a waiver of the 60 days' written notice required by the lease, it having been substantially disputed by the landlord, an issue of fact was presented upon which there was a conflict of evidence, and the decision of the trial court thereon must be considered as final. Judgment affirmed, with costs.

DALZIEL, Appellant, v. PRESS PUB. CO., Respondent. (Supreme Court, Appellate Division, First Department. February 25, 1907.) Action by Frederick Y. Dalziel against the Press Publishing Company. J. F. Cloonan, for appellant. J. M. Bowers, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

In re DALY. (Supreme Court, Appellate Division, Second Department. March 22, 1907.) In the matter of the application and petition of Michael T. Daly (Lake Gleneida). No opinion. Motion granted. Resettle order before Mr. Justice JENKS.

DALY et al., Appellants, v. HILL, Respondent. (Supreme Court, Appellate Division, First Department. February 25, 1907.) Action by Mary D. Daly and others against Gus Hill. E. H. Daly, for appellants. L. Laski, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

DAVIS v. CLEVELAND, C., C. & ST. L. R. CO. (Supreme Court, Appellate Division, First Department. March 15, 1907.) Action by Joseph A. Davis against the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company. No opinion. Motion granted, with $10 costs. Order filed.

DAWLEY v. PEARSON. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Appeal from Special Term, Nassau County. Action by Bert N. Dawley against Mary Pearson. From a judgment for defendant, plaintiff appeals. Affirmed. Frank Harvey Field (W. Lester Glenney, on the brief), for appellant. J. Edward Swanstrom (Conrad Saxe Keyes, on the brief), for respondent.

PER CURIAM. Judgment affirmed with costs.

HOOKER, J. (dissenting). The judgment appealed from by the plaintiff refused to decree a specific performance of a contract for the sale of real property. The contract was a short, but nevertheless complete, agreement of sale. The court found as facts that the defendant was of foreign birth, unable to read or write the English language, considerably advanced in years, altogether unfamiliar with business matters, was ill at the time she signed the memorandum, and did not understand that the instrument she signed was a contract by the terms of which she agreed to sell the property. The judgment should be reversed, on the ground that it is against the weight of evidence. The matter of her illness was in dispute at the trial; but, even if she were ill, the evidence leads unmistakably to the conclusion that she was fully aware of what she was doing and of the effect of her act in signing the contract of sale. At the time she signed the memorandum she accepted $100 on account of the purchase price, and the next day deposited it in bank. Three days after the memorandum was signed, in company with her daughter, she went to the office of the agent in whose hands the property had formerly been placed for sale, and stated that she wished to give him back the $100 and pay him his commissions; and it was shown by the evidence of one Barthman, who was the only disinterested witness sworn on the trial, that on the day she signed the memorandum he called upon her and tried to buy the premises, but she told him that the farm was sold, that she had signed a contract that morning, and had accepted a deposit. These acts of the defendant were so entirely inconsistent with the claim she made upon the trial, that she did not realize that she was making a sale of the farm, that the judgment must be reversed, and a new trial ordered, upon the payment by the appellant of the costs of the trial already had.

HIRSCHBERG, P. J., concurs.

DEEGAN v. GUTTA PERCHA & RUBBER MFG. CO. (Supreme Court, Appellate Division, Second Department. March 8, 1907.) Appeal from Special Term, Kings County. Action by Daniel Deegan against the Gutta Percha & Rubber Manufacturing Company. From an order setting aside a verdict for plaintiff, he appeals. Affirmed. From an order refusing to direct a verdict for defendant, it appeals. Appeal dismissed. Martin T. Manton, for plaintiff. Frank Verner Johnson, for defendant.

JENKS, J. We think that the order setting aside the verdict should be affirmed. We do not, however, wish to be understood as putting our affirmance upon the proposition that the plaintiff's theory is necessarily so counter to a physical and scientific fact as to be incredible as matter of law, within the principle announced in Fealey v. Bull, 163 N. Y. 397–402, 57 N. E. 631, and Matter of Harriot, 145 N. Y. 540, 40 N. E. 246. We express this limitation in view of an expression of the learned trial judge in his opinion, although it is clear enough that he intended to rest his action upon the question of the weight of evidence, inasmuch as he granted a new trial. The learned trial court could have directed a verdict for the defendant, in view of its reservation of the motion of the defendant, and, if it had done so, this disposition must have been upheld. But we are not inclined to disturb the disposition made, and therefore we dismiss appeal from the order denying a direction of a verdict for the defendant, without costs. All concur, except HOOKER J., who votes to reinstate the verdict.

DEERY, Respondent, v. BYRNE et al., Appellants. (Supreme Court, Appellate Division,