### HEBRON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 22, 1905.)

STREET RAILROADS—COLLISIONS—CONTRIBUTORY NEGLIGENCE.

> In an action against a street railroad for injuries resulting from a collision, evidence *held* insufficient to show that plaintiff was free from contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John Hebron against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

William E. Weaver, for appellant.

Sumerwell, Shoup & Vermilya, for respondent.

SCOTT, P. J. Plaintiff sues for injuries to himself and his cab, resulting from a collision with one of the defendant's cars. The evidence shows that plaintiff was driving a hansom cab westwardly on Thirty-Eighth street at a slow pace. As he approached Third avenue, one of defendant's cars was coming north at a great and unusual rate of speed, owing to the fact that there had been a de-

tention on the road. The evidence fully justified a finding of negligence on the part of defendant, but wholly failed to show freedom from contributory negligence on the part of plaintiff. Indeed, his own evidence showed plainly that he exercised no care or caution whatever. After much prodding by court and counsel, he did say that before he started to cross the tracks he looked south to see if any car was approaching and did not see any, but he was entirely unable to say how far down the avenue he looked. The fact undoubtedly is that he did not look at all, for if he had looked down no more than half a block he could not have failed to see the car. Unless the rule that there must be proof of freedom from contributory negligence on plaintiff's part is to be disregarded, this judgment cannot stand.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.