### WILLIS et al. v. SMITH.

(Supreme Court, Appellate Term. February 9, 1911.)

1. CARRIERS (§ 134*)—EXPRESS COMPANIES—LOSS OF GOODS.

In an action against an express company for failure to deliver certain bales of cloth, where there was no proof as to the quantity or quality of the material, and .what testimony there was of its value referred to the price per yard, and the actual yardage was not determined, judgment for the plaintiff was erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–593, 607; Dec. Dig. § 134.*]

2. EVIDENCE (§ 543*)—EXPERT EVIDENCE—VALUE.

Testimony by a credit man, who had never bought or sold goods, but had seen the goods sold and knew that the plaintiff's firm had marked its goods according to the market price, is inadmissible as to value of the goods.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Grinnell Willis and others, copartners trading as Grinnell Willis & Co., against William H. Smith, doing business under the trade-name of Van Nostrand Express Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Julius Siegelman (Herman Joerg, of counsel), for appellant.
James, Schell & Elkus (William A. Grier, of counsel), for respondents.

DELANY, J. This action is brought to recover the value of certain cloth, which the plaintiffs caused to be delivered to the defendant, to be conveyed to the place of business of a customer in Brooklyn. The defendant was engaged in the express business under the name of Van Nostrand's Express, and one of his employés called at a warehouse and obtained a bale of merchandise alleged to contain 25 double cuts of cloth. This bale the defendant claims was delivered to the firm to which it was consigned; but the latter denies ever having received it, and on that branch of the case the conflict of evidence is so pronounced that the learned justice's finding cannot be disturbed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The case brings up several questions. For the purpose of this appeal, however, but a few elements of the proof need be considered. First, beyond the fact that the bale referred to was delivered to the defendant, there is no proof of the quantity or quality of the material contained in the burlap which covered it, and what there may be of testimony as to its value is of no avail, because it refers to the price per pard, when the actual yardage was not determined, and it was given by a witness who was not competent to testify. This witness was the credit man, whose duties we assume were to pass upon the financial responsibility of those who purchased goods from the plaintiffs. He had never bought or sold goods. He had seen goods sold, and knew that the plaintiffs' firm had marked its goods according to the market price. He was not a stock man. Over objection and exception to his qualifications as an expert as to value, the trial justice allowed his testimony. This was error (Dolan v. Herring-Hall-Marvin Safe Co., 105 App. Div. 370, 371, 94 N. Y. Supp. 241); and the complaint should have been dismissed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.