Azel Ames & another *vs.* Philip R. Meriam & another.

The mere fact that one in regular course of business, in good faith, and for value, receives a check on a bank ten days after it was drawn and dated, does not render him subject to defences of which he has no notice before or at the time his title accrues.

Contract on the defendants' check, dated January 2, 1865, on a bank in Boston, for seven hundred dollars, payable " to J. L. Babson or bearer," and indorsed " John L. Babson, Wm. P. Dolliver."

At the trial in the superior court, before *Russell,* J., without a jury, these facts appeared : The defendants made and signed the check and delivered it to Babson on its date, " with direction to deposit or pass it before January 4, and return the money to the defendants ; " and there was evidence tending to show that they received no consideration for it. Babson did not deposit it in any bank, but on or about January 8 " passed it to Dolliver

receiving on it only about two hundred dollars." Dolliver was a director in a bank at Rockport, and Babson delivered it to him " for the purpose of having it deposited in the bank " and to " obtain the money on it and deliver the amount to said Babson." Dolliver did not deposit the check, but on or about January 12 passed it to the plaintiffs in part payment of a debt due from him to them ; and they, on receiving it, presented it at the bank on which it was drawn, but the bank refused to pay it. On the same day, but whether before or after this refusal did not by the bill of exceptions distinctly appear, one of the plaintiffs made some inquiry of one of the defendants about the check, who replied that it was good and would be paid, but not until he should see Babson; and " the defendants notified the bank on which said check was drawn not to pay the same, and it never was paid." There was also evidence " tending to show that one of the defendants had promised to pay said check at other times than that before stated." It was not contended that the plaintiffs " knew or had reason to know the circumstances under which the check was given or transferred."

The defendants asked the judge to rule " that they might show that the check was given without consideration, and that, if in fact they received no consideration for it, the plaintiffs could not recover ; that, if the check was passed to Dolliver for the purpose of having the check deposited and cashed in the bank at Rockport, Dolliver acquired no title thereto, and could not pass the same to the plaintiffs so as to give them a right to recover." But the judge found " that the check was received by the plaintiffs in due course of business, in payment of a debt, in good faith, and without knowledge of the origin or history of the check; and that after the check had been presented the defendants with full knowledge of the time when it was presented promised the plaintiffs to pay it." And he declined to rule as requested by the defendants, who, after a verdict for the plaintiffs, alleged exceptions.

*R. D. Smith,* for the defendants.

*H. C. Hutchins,* for the plaintiffs.

BIGELOW, C. J The rule that a bill of exchange or promis-

sory note, taken when it is over due, is subject in the hands of the holder to all the equities attaching to it as between the original parties, or as against the person from whom the holder receives it, does not apply to checks on banks, when they are taken within a brief period of time after their date. These, although payable on demand, are not treated as being dishonored or over due on the day, or immediately after the day, of their date. A holder, who takes a check in good faith and for value several days after it is drawn, receives it without being subject to defences of which he has no notice before or at the time his title accrues. This is the rule of law as settled by uniform practice and the current of decisions in the courts of the United States. *In re Brown,* 2 Story, 502. Chit. Bills, (12th Am. ed.) 222, and note. Byles on Bills, (5th Am. ed.) 130 note.

It is not contended that the defendants sustained any injury or loss by the omission to present the check immediately after it was drawn, and the evidence was plenary of a waiver by the defendants of an earlier presentment of the check than was made by the plaintiffs. *Exceptions overruled.*