Hudson Boiler Manufacturing Company, Inc., *v.* Joseph Cardillo, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1919.)

Negotiable instruments — when innocent holder of check not chargeable with notice — when presence of small marks in red ink insufficient to put holder of note on inquiry — bills, notes and checks.

An innocent holder for value of a check to which there is a perfect defense as between the maker and the payee is not chargeable with notice of possible equities because the check was dated four days before its transfer to him.

. The presence of small marks in red ink alongside of the maker's signature placed there at his request by an official of the bank, as notice to the cashier not to pay the check before hearing further from the maker, was insufficient to put said holder of the note on inquiry.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, rendered in favor of defendant.

Gustave Morris, for appellant.

Achille J. Oiskei Hoschek, for respondent.

GUY, J.    The action was brought on a check against the maker by an innocent holder for value.    The check was drawn on September 20, 1918, was transferred to plaintiff on September twenty-fourth, presented by him for payment on September twenty-fifth, and payment then refused.

At the time of the transfer to plaintiff the check bore two very small red marks alongside the signature, which had been placed there at defendant's request by an official of the bank as notice to the cashier not to pay the check before hearing further from the maker.

Defendant's proof establishes that the check was obtained by the payee from the maker by false representations as to moneys due him for work; that it was given to the payee by the maker with the understanding that it should not be used until they had gone over the accounts; that subsequently the payee and maker went over the accounts, and it was disclosed that instead of the maker owing money to the payee, the payee had been overpaid by a considerable amount before the giving of the check; that the payee was notified not to use the check and agreed to return the

Appellate Term, First Department, March, 1919.    [Vol. 106

same to the maker. There was no consideration for the check, and a perfect defense existed as between the maker and the payee.

The learned trial judge held that the plaintiff was put upon inquiry and chargeable with notice of the possible equities by reason of the fact that the check was dated four days before the date when it was transferred to plaintiff. The contrary seems to be the rule established by the authorities. *Fealey* v. *Bull*, 163 N. Y. 403; *Bull* v. *Bank of Kasson*, 123 U. S. 105; *Ames* v. *Meriam*, 98 Mass. 294; *Carroll* v. *Sweet*, 128 N. Y. 19. Nor do we think the presence of small marks in red ink upon the check near the signature were sufficient to put a purchaser for value upon inquiry.

The judgment must be reversed and judgment directed in favor of plaintiff, with thirty dollars costs in this court and costs in the court below.

BIJUR and MULLAN, JJ., concur.

Judgment reversed, with costs.