Putnam, C. J.
The facts in this case are simple and most of them are undisputed. The defendant desired to buy a parcel of land in Arlington and erect a house thereon in which she hoped and planned to conduct a kindergarten. On October 10, 1938, she signed an agreement to buy from one Murray a parcel of land known as lot 50 on Bates Road, Arlington, part of a thirty acre tract which was subject to various mortgages, and on that day she made out and signed a cheek for $800. on the First National Bank of Boston, payable to the order of John C. Paul, the broker in the transaction. This check, though made and delivered on October 10th was dated October 17th. It was intended, and delivered, as a deposit on the purchase price of lot 50, the entire purchase price being stated in the agreement as $6600. The balance was to be paid as follows, — $1300. in cash at the time of passing papers, and $4500. by a first mortgage to be given by the defendant to Murray. Papers were to be passed on or before June 7, 19391. Murray was to pay Paul a broker’s commission of 4 percent. Existing mortgages on the lot were dealt with in the agreement as follows:
*144 “Mortgages (term, rate, existing or taken back). Encumbrances not to remain on transfer may be discharged simultaneously with payment of purchase price”.
On the back of the check was typewritten the following:
“Check to be used as deposit for house to be built on (Lot No. 50) Bates Road, Arlington, Massachusetts.”
Paul, about October 19th, endorsed the check in blank and gave it to Murray. Murray, who owed the plaintiff about $1500. for previously supplied labor and materials endorsed the check in blank and gave it to the plaintiff on October 22d and “told him to apply it on his bill”. The plaintiff’s bookkeeper made the following entry on the plaintiff’s book of account:
“Oct. 17/38 Received on account.......$800.00”
and on October 22nd the plaintiff endorsed the check in blank and deposited it in his local bank. On October 26th the check came back from the First National Bank of Boston marked “Insufficient Funds”. It had been duly protested on October 24th by a notary public at the request of the Federal Reserve Bank of Boston, at a charge of $2.02 which the plaintiff paid. On October 26 the plaintiff’s bookkeeper made the following further entry in the plaintiff’s book of account:
“Oct. 26/38 no credit on above ck. returned from bank..............................$800.00”
By writ dated April 18, 1939, the plaintiff brought this action of contract on the check.
The judge instructed himself, as requested by the plaintiff, that up to October 22d Murray had not broken his contract with the defendant; that having a negotiable check in his possession and producing it at the trial was some *145 evidence that the holder was a holder in due course, which evidence must he overcome by the defendant in order to prevent a recovery; that the typewritten words on the back of the check did not destroy its negotiability or make its payment to a holder in due course conditional upon the performance of the contract between Murray and the defendant; and that the burden of proving lack of consideration for the check was on the defendant.
The judge declined to rule, as requested by the plaintiff, that “The endorsement of a negotiable check by a holder to his creditor for an antecedent debt constitutes the endorsee a holder for value”, and ruled instead “that where a negotiable check is endorsed by the holder to his creditor for an antecedent debt and unconditionally credited on account of said debt, the endorsee is a holder for value, but find that the check in suit was never so credited” and referred to the two entries in the plaintiff’s book of account. He then stated “Upon these facts I find as a fact that the plaintiff was not a holder of said check for value”. He also found that the plaintiff was not a holder in due course, and denied a requested ruling that “The plaintiff is a holder in due course of the check declared on”.
Gr. L. (Ter. Ed.) C. 107, §48 is as follows:
“Section 48. Value is any consideration sufficient to support a simple contract. An antecedent or preexisting debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time”.
We do not find in the report any evidence to the effect that the plaintiff accepted this check conditionally. The evidence is that he gave it to his sister (his bookkeeper) who entered it (under an erroneous date) as a credit and deposited it promptly in the local bank. When it came back unpaid a further entry of “no credit on above” was *146 -made. There is no testimony that it was originally received conditionally. Even if it were so received and credited, the law is that such a crediting constitutes the creditor a holder for value. Bigelow: Bills, Notes and Check (3rd ed.) pp. 383-4, Citrin v. Tansey, 107 N. J. L. 368.
The plaintiff ’s request for ruling that he was a holder in due course, should on the above facts have been granted.
As matter of law as between indorsee and maker of this check it was presented for payment to the drawee bank with reasonable promptness, Bigelow: Bills, Notes and Checks (3rd ed.) pp. 159, 377, Ames v. Meriam, 98 Mass. 294, and the request by the plaintiff that the judge so rule should have been granted.
The case having been fully tried, and the facts being undisputed, the entry must be
Judgment for the plaintiff for $802.02, with interest from date of the writ, when the action is ripe for judgment.